[No. 11484. Department One. — November 12, 1887.]

## In the Matter of the Estate of CYNTHIA HOFF SHILLABER, Deceased.

Olographic Will. — Reference to Letter not in Existence. — The will in question, which was entirely in the handwriting of the testatrix, contained a bequest to the executor of certain personal property, and requested him to dispose of the same "in the manner specified in my letter to him of this date." After the execution of the will, the testatrix dictated a letter to the executor disposing of the property. The letter was in the handwriting of the executor, but was signed by the testatrix. *Held*, that the will was properly admitted to probate as an olographic will, and that the letter was properly excluded.

Id. — Probate. — A document referred to in a will, but which is not in existence at the time of its execution, does not constitute a part of the will, and is not entitled to probate as such.

Id. — Bequests Void for Uncertainty. — A will, otherwise effective, should not be refused probate because certain bequests contained therein are void for uncertainty.

Appeal from a judgment of the Superior Court of the city and county of San Francisco admitting a will to probate.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellant.

An olographic will must be written wholly by the testator. The two documents were designed to constitute one instrument, and are such in law; and not being wholly in the handwriting of the testatrix, they do not constitute a valid olographic will. (*Estate of Billings,* 64 Cal. 427; *Estate of Martin,* 58 Cal. 530; *Estate of Rand,* 61 Cal. 468; 44 Am. Rep. 555; *Smart* v. *Prujean,* 6 Ves. 565; *Allen* v. *Maddox,* 11 Moore P. C. 427; *Newton* v. *Seaman's Friend Society,* 130 Mass. 93; 39 Am. Rep. 433; *Langdon* v. *Astor,* 3 Duer, 495; *Thayer* v. *Wellington,* 9 Allen, 283; 85 Am. Dec. 753.)

*Carroll Cook, Garber, Thornton & Bishop,* and *William Hoff Cook,* for Proponent and Respondent.

The letter referred to formed no part of, and cannot be incorporated into, the will, because, although referred

to in the will, the reference does not distinctly and clearly identify the letter as being in existence at the time of the execution of the will, but on the contrary, the letter itself, and the evidence, *uncontradicted*, shows. that it was dictated and signed after the execution of' the will. And moreover, no parol evidence should be admitted to identify any letter, because the will reads, " my letter of this date," which leaves it uncertain whether it was written before or after the will. (*Burton.* v. *Newberry*, L. R. 1 Ch. 237; *Singleton* v. *Tomlinson*,. L. R. 3 App. C. 413; *Chambers* v. *McDaniel*, 6 Ired. 229;. *Thompson* v. *Quimby*, 2 Bradf. 458; *In re Watkins*, L. R. 1 Pro. & D. 19; *In re Sunderland*, L. R. 1 Pro. & D. 198;. *Allen* v. *Maddox*, 11 Moore P. C. 427; *Riordan* v. *Banon*, I. R. 10 Eq. 469; *In re Sims*, 16 Week. Rep. 407; *In re Reid*, 19 L. T., N. S., 265; *In re Yockey*, 29 L. T., N. S., 699; 1 Redfield on Wills, 263; *Tonnele* v. *Hall*, 4 N. Y. 140;. *Lucas* v. *Brooks*, 18 Wall. 436.). The will in this case, apart from the letter, is a good olographic will, and is a. complete and perfect testamentary paper in itself, and completely disposes of the entire estate. (*Toeble* v. *Williams*, 80 Ky. 661; *Brown* v. *Burdett*, L. R. 21 Ch. 667;. *Whyte* v. *Pollok*, L. R. 7 App. C. 400; *George* v. *George*, 47 N. H. 45, 46.)

*M. C. Blake*, for Minor and Absent Heirs.

*Lloyd & Wood*, for certain Heirs.

PATERSON, J. — The document which was admitted to probate in this proceeding is wholly in the handwriting of Mrs. Shillaber, deceased. The third clause of the will reads as follows: " I give and bequeath to my said executor my silverware, jewelry, paintings, organ, clothing of every description, carriage, library, bas relievos, bronzes, statuary, excepting my three large pieces, viz., 'Delilah,' 'Saul,' and 'Lost Pleiad,' and request him to dispose of the same in the manner specified in my letter

to him of this date." After the execution of this will, she dictated a letter to Carroll Cook, Esq., named in her will as executor thereof. This letter is in the handwriting of Mr. Cook, but is signed by the deceased. It commenced as follows:—

"San Francisco, Cal., September 8, 1884. "To Carrol Cook, Esq., San Francisco, Cal.

"*My Dear Nephew,*— In my will, which I have this day executed, I have left certain personal property to you to be disposed of by you as I should by letter direct. I desire the following disposition made thereof, viz.," etc. (Here follow directions for disposition of the articles above-named.)

The court found — and the finding is supported by evidence — that the letter was dictated and signed after the execution of the will. Upon the objection that the letter was not in existence at the time of the execution of the will it was excluded, and the document, which is wholly in the handwriting of Mrs. Shillaber, was admitted to probate. It is claimed by appellant that the two documents were designed to constitute one instrument; that they are such in law, and as they are not wholly in the handwriting of the deceased, they do not constitute a valid olographic will.

All the authorities to which our attention has been called agree that any paper may be referred to, and may be a part of the will, if such paper be in existence at the time of the execution thereof. If the will be duly executed and attested, the paper referred to, whether attested or not, will become a part of the will, if it be already in existence, and is clearly described and identified. The identification must be by a description given of the paper in the will. In the case at bar, the letter referred to was not in existence at the time of the execution of the will. It has been held that "a reference in a will may be in such terms as to exclude parol testimony, as where it is to papers not yet written, or where

the description is so vague as to be incapable of being applied to any instrument in particular; but the authorities seem clearly to establish that, where there is a reference to any written document, described as *then existing* in such terms that it is capable of being ascertained, parol evidence is admissible to ascertain it, and the only question then is, whether the evidence is sufficient for the purpose." (*Allen* v. *Maddox,* 11 Moore P. C. 454.) We think that, under the evidence and the language of the will, the letter was properly excluded.

It is claimed that without the letter the will is incomplete, for only through the letter can the beneficiaries therein named make title to the bequests provided for them. We think, however, that the will, being effective in other parts, was properly admitted to probate, although the bequests named in the third article above quoted be void for uncertainty. (*George* v. *George,* 47 N. H. 45; *Brown* v. *Bendell,* L. R. 21 Ch. Div. 667.) The property named in the third article is evidently but a small part of the estate. It is all personal property, and intestacy as to any portion of the estate should be avoided if possible. Our code provides that " of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy." It is not clear that the will without the letter is incomplete. It has been held that as to personal property, a document like this letter, although not entitled to probate as a part of the will, is sufficient to enable the beneficiaries named in it to proceed in a court of equity after the property is distributed to the executor under a clause of the will similar to that quoted above, to compel the executor to execute the trust in accordance with the directions contained in the letter. (*In re Fleetwood,* L. R. 15 Ch. Div. 594.)

Judgment and order affirmed.

TEMPLE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.