DAVID PALMER, Jr., Guardian,

*v.*

JAMES W. OWEN *et al.*

*Opinion filed October 23, 1907.*

1. WILLS—*possibility that some sheets in will have been substituted does not justify refusing probate.* The facts that a will is written upon several sheets of paper of different texture and loosely fastened together, with the attestation clause, by itself, on the last sheet, and that the subscribing witnesses are unable to identify all the sheets of the will or to remember upon what date they signed, does not justify refusing probate of the will upon the possibility that some sheets of the will may not be genuine.

2. SAME—*general rule stated as to when will is entitled to probate.* In the absence of proof of fraud, compulsion or other improper conduct an instrument is entitled to probate as a will, where the proof shows that the testator declared to the subscribing witnesses that the paper was his will, that he signed it in their presence and that they together signed it as witnesses in his presence and at his request, and that they believed him to be of sound mind and memory.

3. SAME—*it is not necessary that subscribing witness examine will.* It is not necessary to the validity of a will that it be written

upon one sheet of paper, but the entire will should be in the presence of the witnesses when attested by them; nor is it necessary that the witnesses shall examine the will with such care as to be able to say that all pages and clauses were the pages and clauses attested by them.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

ERNEST SEVERY, and JOHN H. SAVAGE, for appellant.

KNOX & AKIN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

William B. Owen died testate in Will county, Illinois, in November, 1906. In December following, what purported to be his last will and testament disposing of his property, real and personal, was filed with the clerk of the probate court, and James W. Owen, one of the persons named in the will as executor, filed a petition in that court asking that the will be admitted to probate and for letters testamentary. Upon a hearing on the petition the will was admitted to probate, and from the order admitting it Marguerite and Antoinette Palmer, minor children of a deceased daughter of the testator, by their guardian *ad litem*, appealed to the circuit court of Will county. Upon a hearing in the circuit court an order and decree were entered admitting the will to probate and directing the clerk of that court to certify said order to the probate court, and the appellant has prosecuted a further appeal to this court.

The will appears to have been written on nine sheets of paper. The will proper, with the signature of testator, was written on the first eight sheets, and the ninth sheet contained the attestation clause, signed by the witnesses, William Cleveland and Amelia M. Cleveland, his wife. The will is shown by the evidence to be in the handwriting of Miss Belle Owen, a daughter of the testator and one of the beneficiaries under his will. It is dated just above the signature

of the testator, March 7, 1902. The attestation clause signed by the witnesses is not dated. William Cleveland testified he remembered signing the will as a witness in the year 1902, but thinks it was not on the day the will bears date. He further testified the testator signed the will in the presence of himself and his wife and requested them to sign it as witnesses; that he showed them the document and told them it would not be necessary for them to read the whole of it but that they could read enough of it to know that it was his will, and the witness testified he did do that, and afterwards the testator signed it in the presence of the witness and his wife, whereupon, at the request of the testator and in his presence, witness and his wife subscribed their names to the will as witnesses. Witness testified that the sheets upon which the will was written were fastened together in some manner,—just how he could not remember,—and that the testator turned the leaves back, one after the other. He did not examine all the sheets but says he did examine the last two, and that those two sheets of the will as admitted to probate were the same sheets he examined when he signed the will. Mrs. Cleveland's testimony as to the circumstances of signing the will as a witness was substantially the same as that of her husband. Both testified the testator was of sound mind and memory, and Mrs. Cleveland says he turned the pages of the will over for them to see that it was his will; that the pages were fastened together and she did not examine all of them, but did examine the first two and the last one sufficiently to be able to testify that they formed the same pages of the will as probated. She also testified she did not sign the will as a witness on the day it bore date, March 7, 1902, and was unable to give the exact date at which she did sign it.

Counsel for appellant say the sheets upon which the will was written were not all uniform in texture and finish, and from this circumstance, and the further fact that the witnesses to the will were unable to identify every sheet of it

as being the same paper the testator signed and they witnessed as his will, it is contended probate should have been denied, because they say the proof does not show that the instrument sought to be probated is the whole instrument acknowledged and executed by the testator as his will. It is true, as counsel contend, that it is possible, where a will is written on separate sheets of paper, loosely fastened together, that one or more sheets might be removed and others substituted, but the possibility of this being done is not sufficient to justify denying the admission of a will to probate. It is not necessary to the validity of a will that it should be all written on one sheet of paper. All that is required is that the whole will shall be in the presence of the witnesses when attested by them. (*Harp* v. *Parr,* 168 Ill. 459.) Neither is it required that the witnesses to a will should read it or examine it with such care as to be able, upon an application to admit it to probate, to say that all the pages or clauses of the proposed will were the pages and clauses signed by the testator and attested by them. It is not required that the subscribing witnesses shall know that the instrument is a will. (*Webster* v. *Yorty,* 194 Ill. 408.) The proof shows the testator declared to the witnesses that the paper was his will; that he signed it in their presence, and at his request and in his presence they each attached their signatures to it as witnesses. This was a compliance with the requirements of the law and entitled the will to be admitted to probate, in the absence of proof of "fraud, compulsion or other improper conduct" in the execution of the will. No such proof was made in this case, and without adverting further to the testimony it is sufficient to say that we have read it all, and there is no evidence in this record that would have justified the court in denying admission of the will to probate.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*