[L. A. No. 3739.   Department Two.—May 22, 1914.]

In the Matter of the Estate of EMILY M. MERRYFIELD, Deceased.   CLARENCE J. MERRYFIELD et al., Contestants and Appellants, v. GERTRUDE E. FOX et al., Proponents and Respondents.

WILL—SEPARATE SHEETS OF PAPER FOLDED TOGETHER AND ARRANGED IN SEQUENCE.—Three sheets of paper, of the same size and character, and apparently torn from the same writing pad, which were found arranged and folded together in proper sequence, and each of which contained writing of a testamentary character entirely in the hand of the testatrix, are properly construed as forming a single continuous instrument constituting the last will of the deceased.

ID.—SEPARATE SHEETS NEED NOT BE MECHANICALLY FASTENED.—In order that several detached pieces of paper should constitute one instrument, it is not necessary that the sheets should be fastened together by mechanical or other device.

APPEAL from an order of the Superior Court of Riverside County admitting a will to probate.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

H. L. Carnahan, for Appellants.

Purington & Adair, for Respondents.

HENSHAW, J.—Emily M. Merryfield, a widow, died in 1913, leaving surviving her five sons and two daughters.   For

several years before her death she had been so blind that she could not recognize objects and could only distinguish between light and dark. She was sixty-eight years of age. On the day before her death her daughter Gertrude E. Fox found three sheets of paper folded together and placed in a locked drawer. In this drawer were other papers. Each of these three sheets contained writing entirely in the hand of the deceased. The three sheets were of the same size and character of paper and apparently were torn from the same writing pad. The first of these sheets contained the following:

"Riverside, Cal. I write to certify that I am right and will name the property I have in my house which I give my girls, Gertrude Fox and Ethel Schofield. I give and bequeath all I have, all my property, my house and lot and things in the house."

The second sheet contained this:

"I want to have all my things in the house, the boys have got more than the girls and they won't get any more; this is my last will and is as I want it to be.

"Signed this ........................ of 1911, by Emily Merryfield."

On the third sheet was written

"Riverside, Cal.

"This is my will. My mind is good and I want my girls, Gertrude and Ethel, to have all my belongings, my house and lot and the things in the house.

"This eleventh day of December, 1911.

"Mrs. EMILY MERRYFIELD."

These three sheets of paper were offered for probate as being the last will and testament of the deceased. Certain of the sons instituted a contest to the admission in probate of the three sheets, contending that the writing upon the third sheet alone constituted the will of the deceased. There was to the trial court presented no other ground of contest. That court, after a hearing determined that the contents of the three sheets constituted one instrument, which was the last will and testament of the deceased. The soundness of this determination is here presented for review.

Appellants' position is that the first two sheets constituted an imperfectly executed holographic will; that the third sheet

contains a perfect holographic will; that the evidence is not sufficient to support the court's finding that the first two sheets are to be read and construed as a part of a harmonious, homogeneous holographic will; that the evidence is not sufficient to establish this relationship between the three sheets which the court found to exist, and that therefore the first two sheets must be denied probate.

The case thus presented is not that contemplated by section 1320 of the Civil Code, by which it is declared that "several testamentary instruments, executed by the same testator, are to be taken and construed together as one instrument," nor is it the case of the incorporation into a will of extrinsic writings where the evidence identifying such writings must be clear to justify such incorporation. (*Shillaber Estate,* 74 Cal. 144, [5 Am. St. Rep. 433, 15 Pac. 453]; *In re Young,* 123 Cal. 337, [55 Pac. 1011].) The case actually presented may be stated by the question whether the evidence upholds the finding of the court that the three sheets of paper form a single continuous instrument constituting the last will of the deceased. That the evidence is sufficient for this we think no doubt can be entertained. There was no other writing upon the sheets saving that of the testatrix. The sheets themselves were arranged and folded together in proper sequence. If testatrix had believed that the last page alone was her will, it is not probable that she would have preserved the first and second pages with such care and would so have enfolded them as to evidence her belief that they were a part of and incorporated in her will. The omission of words and the repetition of ideas are not unusual in the writings of a person of advanced years and unskilled in the art of exact legal expression. The fact that the will is written upon more than one sheet of paper is immaterial. (*Estate of Taylor,* 126 Cal. 97, [58 Pac. 454].) Nor is it necessary to support the finding that the several detached pieces of paper constituted one instrument that these sheets should be fastened together by mechanical or other device. (40 Cyc. 1093; *Sellards* v. *Kirby,* 82 Kan. 291; [136 Am. St. Rep. 110, 20 Ann. Cas. 214, 28 L. R. A. (N. S.) 270, 108 Pac. 73]; *Schillinger* v. *Bawek,* 135 Iowa, 131, [112 N. W. 210]; *Murrell* v. *Barnwall,* 110 Ala. 668, [20 South. 1021].)

It is concluded herefrom that the finding of the court is sustained by adequate evidence, and the order and decree appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.