[L. A. No. 7383. In Bank.—February 14, 1923.]

In the Matter of the Estate of GEORGE S. DOANE, Deceased. DAYTONA INSTITUTE et al., Appellants, v. ARTHUR P. DOW et al., Respondents.

[1] WILLS—SEPARATE INSTRUMENTS—WHEN NOT PART OF WILL—A separate written instrument which is not mentioned or referred to in a will cannot be considered as part of the will.

[2] ID.—EVIDENCE—INTENT OF TESTATOR—LETTER UNIDENTIFIED IN WILL.—Where there is nothing in a will which places any restriction or limitation upon a residuary legatee, a letter signed by the testator, which is not referred to in the will, is not admissible to show that the legatee took as a trustee only.

[3] ID. — LEGATEES — DIFFERENT CAPACITIES — PAROL EVIDENCE. — Although a bank and trust company, which is named as a residuary legatee in a will, has two capacities, one as an individual and one as trustee, the contention that, in view of the presumption in favor of testacy, parol evidence is admissible for the purpose of showing in which capacity the testator intended the legatee should take, cannot be maintained, where there is no ambiguity or uncertainty in the language of the will.

[4] ID.—TRUSTS—INTENT.—While no particular form of expression is necessary for the creation of a trust, some expression of intent to that end is requisite.

[5] ID.—INVALID PROVISION OF WILL—TESTATOR'S INTENT—POWER OF COURT.—Where a decedent has made an invalid provision in clear, unequivocal language, the courts are without power to alter that language to express what may have been in the testator's mind but was not attempted to be expressed by him, however beneficent such unexpressed intent may have been.

---

1. Incorporation of extrinsic document into will, notes, 107 Am. St. Rep. 70; 68 L. R. A. 353.

APPEAL from an order of the Superior Court of Los Angeles County for partial distribution of the estate of a deceased person. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Parker & Parker for Appellants.

James G. Owen and Henry M. Willis for Respondents.

G. A'. Gibbs for National Bank and Trust Company of Pasadena.

LENNON, J.—By an order for partial distribution in the above-entitled cause it was decreed that George S. Doane died intestate as to the residuary portion of his estate and that the residue of the estate be distributed to the heirs at law. The correctness of this adjudication is the sole question raised upon the present appeal.

Clause tenth of the last will and testament of the decedent, dated April 28, 1920, provides:

"All the rest and residue of my property of whatever nature and wheresoever located, I give, devise and bequeath to the National Bank and Trust Company of Pasadena, a National Banking Association, of Pasadena, California."

The trial court's conclusion that this clause of the will is invalid is based upon section 1275 of the Civil Code, which provides that corporations other than counties, municipal corporations, and corporations formed for scientific, literary, or solely educational or hospital purposes cannot take under a will, unless expressly authorized by statute. Appellants concede that the National Bank and Trust Company of Pasadena is incompetent to take property under a will for its own use and benefit, but contend that the residue of the estate must be distributed to the bank in its capacity of trustee, that being the only capacity in which the bank could lawfully receive the property. In support of the contention that it was the intention of the testator to devise and bequeath to the bank as trustee only, appellants introduced in evidence a letter signed by the decedent and reading as follows:

"National Bank & Trust Company of Pasadena,
    "Pasadena, California.
"Gentlemen:
    "I hereby request that you as residuary legatee under my last will and testament dated January 26, 1920, distribute any property or funds which may come to you as such residuary legatee, as follows:
    "1. To the Doane Orphanage ten thousand dollars ($10,000).
    "2. To the Rescue Mission, Springfield, Massachusetts, one thousand dollars ($1000).
    "3. To the Daytona Institute of Daytona, Florida, three thousand dollars ($3000).
    "4. To the Baptist Academy near St. Augustine, Florida, one thousand dollars ($1000).

\* \* \* \* \* \* \* \* \* \* \*

"(Signed) GEORGE S. DOANE.

"Pasadena, Cal.
"January 26, 1920.
"Witness, GEORGE S. POOLEY, Pasadena, Calif.
    "L. R. JENKINS, Pasadena, Calif."

[1] The trial court struck out the letter upon motion of respondents. The exclusion of this evidence was proper, for the rule is well established in this state that a separate written instrument which is not mentioned or referred to in the will cannot be considered as part of the will. Thus, in *Estate of Young,* 123 Cal. 337 [55 Pac. 1011], it is said: "An existing writing may by reference be incorporated into and made a part of a will. But before such an extrinsic document may be so incorporated the description of it in the will itself must be so clear, explicit and unambiguous as to leave its identity free from doubt." Quoting from *In re Shillaber,* 74 Cal. 144 [5 Am. St. Rep. 433, 15 Pac. 453], "If the will be duly executed and attested the paper referred to, whether attested or not, will become a part of the will, if it be already in existence and is clearly described and identified. The identification must be by a description given of the paper in the will."

[2] There is no identification or even mention of the letter in the will under consideration. Moreover, it will be noted that the letter itself refers to a will "dated January 26, 1920," whereas the date of the will before the court

is April 28, 1920. There is an attempt to overcome the discrepancy by evidence to the effect that the testator originally intended the letter to accompany a will executed on January 26, 1920, but that, having subsequently revoked that will, he declared on the occasion of the execution of the will of April 28, 1920, that he desired the letter to be in full force and applicable to the later will. The danger of accepting such evidence in the construction of wills is obvious and, therefore, the necessity of the rule that a document cannot be incorporated as part of a will unless referred to therein is illustrated by the very facts of the case now presented.

[3] It is further contended by appellants that the National Bank and Trust Company of Pasadena has two legal capacities, one as an individual and one as trustee, and in view of the presumption in favor of testacy, it is urged, parol proofs were admissible for the purpose of showing in which capacity the testator intended that the residuary legatee should take. This contention cannot be sustained, for the reason that there is no ambiguity or uncertainty in the language employed by the testator in disposing of the residue of his estate. [4] While no particular form of expression is necessary for the creation of a trust, nevertheless some expression of intent to that end is requisite. (*Estate of Marti*, 132 Cal. 666, 669 [61 Pac. 964, 64 Pac. 1071].) In the present case there is nothing in the will in question which even hints at a restriction or limitation upon the residuary legatee. On the contrary, it affirmatively appears upon the face of the will that the residue is given, devised and bequeathed, outright, to the National Bank and Trust Company of Pasadena, a national banking association of Pasadena, California. The bequest is absolute in terms. "Where the language of the provisions of a will is plain and unambiguous, the courts are not permitted to wrest it from its natural import in order to save it from condemnation." (*Estate of Walkerly*, 108 Cal. 627, 660 [49 Am. St. Rep. 97, 41 Pac. 772, 780].)

[5] The decedent having made an invalid provision in clear, unequivocal, language, the courts are without power to alter that language to express what may have been in the testator's mind but was not attempted to be expressed by him, however beneficent such unexpressed intent may

have been. "It may be said of all wills, that the testator's intent is to make a valid disposition of his property. . . . But a court is not therefore authorized to modify or vary the plain language of the testator, and thus create a new and valid will for him, even if it were certain that the testator would have adopted the interpretation of the court, had he known his own attempt was invalid." (*Estate of Walkerly, supra,* 627, 659.)

The order appealed from is affirmed.

Myers, J., Kerrigan, J., Wilbur, C. J., Waste, J., Seawell, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.