## Cole v. Webb.

(Decided June 24, 1927.)

### Appeal from Lawrence Circuit Court.

1. Wills.—A will may be valid, though written on several separate sheets of paper, if they are coherent in sense.
2. Wills.—Separate sheets of paper, second of which contained only attestation clause and signatures of testatrix and attesting witnesses, held properly admitted to probate as will, in view of attorney's and attesting witnesses' testimony that such sheets were identical ones prepared as will and executed by testatrix.

3. Wills.—Parol proof is admissible to identify papers offered for probate with ones that testator actually subscribed and executed.

4. Wills.—Subscribing witnesses, if otherwise competent, may testify as to identity of papers offered for probate with ones actually subscribed and executed by testator.

5. Wills.—Where will offered for probate is written on separate sheets of paper, not physically or coherently attached, proper inquiry is whether writing propounded is identical writing, attested and signed by testatrix and witnesses under forms necessary to constitute a good will.

6. Wills.—When credible proof of identity of disconnected sheets propounded for probate with those executed by testatrix is available and sufficient, there is no occasion for application of either physical or coherent rule of attachment.

C. F. SEE, JR., for appellant.

M. S. BURNS and CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action is a contest of the will of Mrs. Belle Moore, who died a resident of Johnson county, Ky., and left surviving her two children, the appellant and contestant below, Jennie Cole, and the appellee and contestee below, Fannie Moore Webb. The grounds of contest were: (1) Mental incapacity of the testatrix; (2) undue influence exercised upon her; and (3) that the paper purporting to be her will was not executed according to law. Grounds (1) and (2) were submitted to the jury under faultless instructions, and it found by its verdict the nonexistence of both, which was sustained by the great preponderance of the evidence. Indeed, each of them appears to be abandoned by counsel for appellant on this appeal, and we shall therefore devote no part of this opinion to a discussion of either of them, or the evidence relating thereto, since nothing may be accomplished thereby.

Counsel for appellant, however, strenuously and vigorously insists that the court erred in not sustaining ground (3), relied on to defeat the probate of the will and which was presented by a disallowed motion for a peremptory instruction in favor of contestant, followed by a motion for judgment non obstante, which the court also overruled. That ground was bottomed on these facts: The paper offered for probate was typewritten and consisted of two detached pages on an equal number of detached sheets of paper. The first sheet or page con-

tained all of the disposing clauses of the offered paper as well as the clause nominating the personal representative to execute it, and which completely filled or occupied the first sheet, not leaving room enough thereon for the signature of the testatrix or that of the subscribing witnesses. The second sheet begins at its top, with the attestation clause, immediately under and following which was the signature of the testatrix near the right margin of the page, and below it on the left margin appear the names of the attesting witnesses. It is therefore insisted in support of this ground that the offered paper, consisting of the two detached sheets as indicated, was not a compliance with the requirements of sections 468 and 4828 of our statutes, which we have uniformily construed as requiring the signature of the testator to be placed at the end of his will. For a discussion of those sections and our conclusion of what would be a sufficient substantial compliance with them, reference is made to the case of Lucas v. Brown, 187 Ky. 502, 219 S. W. 796, and others cited and and referred to therein. We will not in this opinion occupy space or take time in the discussion of the principles governing the application of the requirements of the two sections of the statutes referred to, since they do not involve the determinative question presented by the evidence in this case, and reference is made to those opinions for a statement and discussion of the requirements of those sections.

The real question presented by this record is not whether the offered paper was subscribed by the testatrix and duly witnessed at the place required by those sections, since such subscribing and witnessing are evidently at the end of some sort of document. More appropriately the question is: Whether the detached sheet preceding the one containing the signature of the testatrix and the witnesses thereto can be considered as a part of the testamentary paper? The testimony heard at the trial proves without contradiction that a reputable attorney prepared the paper offered for probate pursuant to an outline given him by the testatrix. It was so prepared in typewriting, and it so happened that the first page was entirely consumed in expressing the will of the testatrix, with nothing left to be done except formulating the attestation clause and for it to be subscribed by the testatrix and witnessed according to law. Those latter requirements were writen at the top of another sheet of paper,

and both of them were presented to and read by the testatrix at the time she subscribed her name to the attestation clause on the second sheet and in the presence of the attesting witnesses, and the two were folded together and kept by the attorney, at the request of the testatrix, until her death. That attorney and the attesting witnesses were introduced at the hearing of the contest, and they testified positively that the two sheets of paper offered for probate were the identical sheets that had been prepared as the will of testatrix, and both of which were present before her and executed by her in the manner indicated—thus identifying the offered paper as a whole with the one that was prepared at the request of and executed by the testatrix when she made it.

Courts and text writers have engaged in considerable discussion upon the legality of disconnected sheets being admitted as contents of the will of which they purport to be, and are offered as parts, as will be seen from the opinion in the case of In re Maginn, 278 Pa. 89, 122 A. 264, and reported in 30 A. L. R. 418, together with an annotation contained in the latter publication and following the opinion. The question is also discussed in Sellards v. Kirby, 82 Kan. 291, 108 P. 73, 26 L. R. A. (N. S.) 270, 136 Am. St. Rep. 110, 20 Ann. Cas. 214. See, also, the case of Woodruff v. Hundley, 127 Ala, 640, 29 So. 98, 85 Am. St. Rep. 145. The text of 28 R. C. L. 111, par. 63. on the subject says:

> "A will may be written on more than one piece of paper attached together with a mechanical fastening, and schedules referred to in a will and attached thereto should be construed with the will as one instrument. A will may also consist of several separate sheets, not permanently fastened together, with the last one alone bearing the signature of the testator, and the only connection may be by the internal sense and continuity of the subject-matter."

The question is sometimes made to turn upon a prevailing statute within the jurisdiction where it arises. The general rule, as gathered from all the cases, is, as stated in the annotation in 30 A. L. R. 424, supra, "that a will may be valid although written on several separate sheets of paper, if the several sheets are coherent in sense." Some of the cases referred to and commented on in that annotation, and which are, perhaps, influenced

at least to some extent by statute, hold that where the separate sheets are not in some manner physically attached, and especially if they are not consecutively numbered, the offered papers will be rejected in the absence of substantial and credible proof as to the identity of all its parts with those actually executed by the testator. Other cases hold that as a substitute for physical attachment what is known in the law as "coherent" attachment will be accepted; i. e., that the different pages of the will "are connected in their internal sense and by coherence or adaptation of parts." Such coherent atachment exists where there is, for illustration, an unfinished sentence at the close of a sheet and the beginning of the next one is adapted to a coherent continuation of the subject-matter. But the Alabama court in the Woodruff case, supra, did not exact even the coherent rule of attachment. The reason for rejecting separate unattached sheets as parts of the offered will is that without some physical or coherent attachment (as appears to be true in this case) the door would be opened wide for the perpetration of fraud and the substitution of the will as executed with an entirely different disposition of the testator's property. But, whatever may be the true rule on the subject (and this court has adopted none as far as we are advised), we are convinced that for the reasons stated below the court properly rejected ground (3) and admitted the paper in contest to probate as the last will and testament of Mrs. Moore.

The law seems to be well settled that parol proof is admissible to identify the offered paper or papers with the one or ones that the testator actually subscribed and executed, and the subscribing witnesses if otherwise competent may testify to such facts. 40 Cyc.. 1301; Jones v. Habersham, 63 Ga. 146; In re Swain, 162 N. C. 213, 78 S. W. 72, Ann. Cas. 1915A, 1207; Gass v. Gass, 3 Humph. (Tenn.) 278; In re Johnson, 80 N. J. Eq. 525, 85 A. 254, 260, and opinion in the case of Montgomery v. Perkins, 2 Metc. (Ky.) 448, 74 Am. Dec. 4419, announces in effect the same rule of practice. The proper inquiry in such cases seems to be as is stated in the case of Jones v. Habersham supra, that:

"The true question is, was the identical writing —the document—in all its parts, finished and completed as the testatrix wanted it, and as an entire grammatical or rhetorical composition, propounded

at the trial, the identical writing as was attested and signed by the testatrix and the witnesses, under the forms necessary to constitute a good will?''

As we have seen, such testimony was furnished in this case by disinterested and credible witnesses, and there can be no doubt but that the paper offered for probate, consisting of the two sheets mentioned, though not physically or otherwisee attached, were the identical ones that were present at the time of their execution as component parts of the last will and testament of the testatrix, and that she understood their contents and intended to execute her will by subscribing the last sheet and having it witnessed by the subscribing witnesses. The occasion for the adoption and application of the different rules, supra, concerning the probating of disconnected sheets as a last will and testament, therefore, seems to arise when credible parole proof of their identity is not available; but when it is available and it completely identifies the offered papers with the executed ones, then there is no occasion for the application of either of those rules, and which conclusion dispenses with the necessity for us at this time to adopt either of them as the correct one within this jurisdiction.

For the reasons indicated, the judgment is affirmed.