### Hays v. Marschall et al.

(Decided March 22, 1932.)

PETER, LEE, TABB, KREIGER & HEYBURN for appellant.

MORRIS B. GIFFORD and STEINFELD & STEINFELD for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Ella M. Marschall, a resident of Jefferson county died on April 12, 1926, and left surviving a husband, Ewell Marschall, but no children or descendants. At the time of her death she owned a house and about five acres of land at Blankenbaker's Station, personal estate consisting of four shares of Louisville Gas & Electric Company stock, household effects of small value, a horse, some dogs, and less than $100 in cash. On April 17, 1926, a paper purporting to be her last will and testament was admitted to probate in the Jefferson county court.

On August 15, 1930, Rosa Belle Hays prosecuted an appeal to the circuit court of Jefferson county by filing a certified copy of the orders of the county court together with a statement of appeal against Ewell Marschall and the heirs at law of decedent. As shown by the certified copy of the orders of the county court, the paper probated as the will of Mrs. Marschall is as follows:

"desire to be buried at the foot of my mother—and a plain marker not to exceed 75.00 to be erected at my head—The house I give to Mr. Marschall—knowing he will care for my dogs and horse.

"Sept. 16th, 1924.

"If anything happens to me, I want my 4 shares of Gas and Electric stock sold for perpetual care of lot at Cave Hill, Jas. McCullough, also Lula to have Ma's portrait and mirror.

"Ella M. Marschall."

In the statement of appeal it is alleged that so much of the writing above set out as precedes the date, "Sept. 16, 1924," is not the last will and testament of decedent nor any part thereof. The cause was submitted to the court without the intervention of the jury, and on final hearing it was adjudged that the paper or instrument dated September 16, 1924, and admitted to probate by the Jefferson county court was the last will and testament of Ella M. Marschall and the orders of the county court admitting it to probate were affirmed. From that judgment Mrs. Hays has prosecuted this appeal.

The purported will of decedent is written on both sides of a small piece of paper. On one side of the paper appears the writing preceding the date as shown in the foregoing certified copy of the order of the county court and on the reverse side appears the date and signature with the intervening writing as shown by such order. In the transcript of the testimony it is stipulated by the parties that both sides of the paper in controversy are entirely in the handwriting of Mrs. Marschall and that the words and figures on the respective sides of the paper are as hereinbefore indicated.

Aside from the stipulation between the parties, the only evidence bearing directly on the execution of this instrument by Mrs. Marschall is the testimony of her nephew, Howard McCullough. In substance and effect, the evidence of this witness is that Mrs. Marschall came to his office in the spring of 1925, as he recalls, opened her purse, pulled out a piece of paper on which there was nothing written, sat down at a desk and wrote something thereon. He stated that he was sitting at another desk and saw her do the writing. She then handed the paper to him, saying, "This is my will, I want you to take care of it. Put it in your lock box in the bank and in case anything happens to me tend to it. See that its provisions are carried out." Mrs. Marschall had an envelope containing letters or other papers having no bearing on the will which was not sealed into which he slipped the paper, put it in his lock box, and kept it until after the death of Mrs. Marschall. He then turned it over to her husband. The paper in controversy was exhibited to him, and he identified it as the one given to him by his aunt for safe-keeping.

As already indicated, this appeal involves only that part of the writing admitted to probate as the will of

decedent appearing on one page wherein Mrs. Marschall expressed a choice as to the place of her burial and seemingly attempted to dispose of her real estate. Under the stipulation that all the writing is that of decedent, we are left to determine only whether that part of the writing called in question was intended by Mrs. Marschall to be and is in fact so coupled or connected with the writing on the reverse side of the paper as to constitute one complete instrument.

We have not been cited to any cases dealing with a paper purporting to be a will and identical or similar in form to the one under consideration, nor has an extensive research disclosed any such cases. We have examined a number of cases in this and other jurisdictions dealing with wills written on separate and unattached sheets of paper. Typical of these cases is that of Cole. v. Webb, 220 Ky. 817, 295 S. W. 1035, where the paper offered for probate consisted of two pages of detached sheets of paper. The page on the first sheet was completely filled out with the disposing clauses, not leaving room for the necessary signature, and beginning at the top of the second sheet was the attestation clause, followed by the signature of the testatrix and subscribing witnesses. The judgment of the lower court holding that the sheets of paper constituted the last will and testament of the testatrix and admitting it to probate, as such, was affirmed. In the course of the opinion, authorities were cited to the effect that a will may be valid although consisting of separate sheets of paper not permanently fastened together or physically connected, but so related by internal sense and continuity or coherence of subject matter as to constitute a proper connection from page to page. This holding is in harmony with the general rule prevailing in other jurisdictions. Stanard v. Miller et al., 212 Ala. 605, 103 So. 594; Owen v. Groves, 145 Ga. 287, 88 S. E. 964; Alexander v. Johnston, 171 N. C. 468, 88 S. E. 785; In re Deyton's Will, 177 N. C. 494, 99 S. E. 424; In re Tyrrell's Estate, 17 Ariz. 418, 153 P. 767; In re Merryfield's Estate, 167 Cal. 729, 141 P. 259; Palmer v. Owen, 229 Ill. 115, 82 N. E. 275; Sellards v. Kirby, 82 Kan. 291, 108 P. 73, 28 L. R. A. (N. S.) 270, 136 Am. St. Rep. 110, 20 Ann. Cas. 214; Murphy v. Clancy, 177 Md. App. 429, 163 S. W. 915; In re Estate of Daniel Maginn, 278 Pa. 89, 122 A. 264, 30 A. L. R. 418, and cases in annotation.

The rule is thus aptly expressed in the case of Stanard v. Miller, supra:

"The validity of the instrument as a will is unaffected because of form . . . or because composed of several separate sheets . . . if the same is so connected and coherent in meaning, and by an adaption of the several parts, as to be a testamentary whole, if due execution is shown."

In Thompson on Wills, sec. 150, p. 128, it is said:

"It is sufficient that the instrument however irregular in form or inartificial in expression, discloses the intention of the maker respecting the posthumous distribution of his property."

Our statute like the statutes of many other states provides that a will must be in writing, but does not attempt to prescribe what form the writing shall assume. The only direction except that the will shall be in writing relates to the signature of the testator and that of the subscribing witnesses. Ky. Stats., sec. 4828.

In this instance, the writing is not on separate sheets, but on different sides of the same paper, so as to make physical detachment impossible; therefore the greater the reason for holding valid as a part of the will of decedent the writing on each side of the paper if so connected in subject matter as to indicate a finished and complete instrument as Mrs. Marschall wanted it. While this instrument is not artfully drawn it clearly appears from its contents as a whole that the writing on the page bearing the date and signature is a continuation of the expressed desire of Mrs. Marschall to dispose of her estate as begun on the reverse side of the paper. As so regarded, the instrument begins with directions as to where the body of testator should be buried, and on the opposite side makes provisions for the care of the lot in which she directed her remains be placed. Certainly this renders the two portions of the writing so coherent and connected in meaning as to remove all doubt as to the intention of Mrs. Marschall to make the writing as a whole a testamentary disposition of her property, and, in the light of the authorities and the evidence in this case, we are constrained to hold that the writing as a

whole and as admitted to probate by the court is sufficient in form to carry out that intention and to constitute a valid will.

Judgment affirmed.