[Civ. No. 13577. Second Dist., Div. Two. May 1, 1942.]

Estate of KATHRENA W. BAUER, Deceased. PAUL S. BAUER, SR., as Guardian, etc., Appellant, v. ELIZABETH R. WILLIAMS, Respondent.

Joseph Musgrove for Appellant.

Duque & McKinley and Gabriel C. Duque for Respondent.

HANSON, J. pro tem.—In this case the question for decision is whether four letters addressed to different individuals, all in the handwriting of and signed by the decedent, may together be classed as a holographic will merely because one was dated and all were found in a desk drawer intermingled with other papers.

Each of the three undated letters indicates not only a testamentary intent but that death was immediately impending. Death did occur by suicide. The dated letter specifically directed that upon the death of the writer all of her money in designated deposit accounts along with American Express Company checks should go to her mother. It made no reference to impending death. The other three letters were not shown to have been in existence at the time she wrote her letter of May 1, 1940. Moreover, they cut down the money bequest made to her mother in the letter of May 1st and give every indication they were drafted after that letter. This we think is persuasively shown by the fact that one of the undated letters—all of which were written on a different kind and size of paper from that of May 1st—refers to signed checks, all dated in June, 1940. The trial court ruled that all the letters constituted a single holographic will.

By statutory definition a holographic will must be entirely written, dated and signed by the hand of the testator himself. (Prob. Code, § 53.) The right to make a will is a statutory privilege, not an inherent right, and so the will must measure up to the requirements of the statute. In the instant case the only document which complied with the statute was the letter dated May 1, 1940. May, then, the other letters, each of which standing alone could not be admitted to probate as a holographic will, nevertheless be admitted as being parts of the letter of May 1, 1940, in view of the fact that the letter of May 1 does not incorporate by reference or otherwise the undated three letters but is sufficient in and of itself as a holographic will?

In *Simon* v. *Grayson*, 15 Cal. (2d) 531 [102 P. (2d) 1081], it is said: "It is the settled law in this state that a testator may incorporate an extrinsic document into his will, provided the document is in existence at the time and provided, fur-

ther, that the reference to it in the will clearly identifies it, or renders it capable of identification by extrinsic proof. . . . An attempt to incorporate a future document is ineffectual, because a testator cannot be permitted to create for himself the power to dispose of his property without complying with the formalities required in making a will." See, also, to the same effect, *Estate of Rath,* 10 Cal. (2d) 399 [75 P. (2d) 509]; *Garde* v. *Goldsmith,* 204 Cal. 166 [267 Pac. 104]; *Estate of Doane,* 190 Cal. 412 [213 Pac. 53], and *In re Shillaber,* 74 Cal. 144 [15 P. (2d) 453, 5 Am. St. Rep. 433]. Moreover, there is nothing in the three undated letters indicating that they were to be read or construed as a part of decedent's holographic will dated May 1, 1940. (*In re Keith,* 173 Cal. 276 [159 Pac. 705]; *Estate of Meade,* 118 Cal. 428 [50 Pac. 541, 62 Am. St. Rep. 244], *Estate of Hughes,* 140 Cal. App. 97 [35 P. (2d) 204].) Even if there had been a statement in any one of these undated letters to the effect that such letter was to be read and construed with the letter of May 1, 1940, the desire of the testator could not be effectuated, as such undated letters failed to comply with the statutory requirement that they be dated.

Only the letter of May 1, 1940, should have been admitted to probate. The order is reversed.

Moore, P. J., and Wood (W. J.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 29, 1942.