[S. F. No. 1897.   Department One.—September 15, 1899.]

In the Matter of the Estate of DEEDE MARGARET TAY-
LOR, Deceased.   BRIDGET McDERMONT, Contestant of
Will, Appellant, v. E. S. TUCKER et al., Respondents.

OLOGRAPHIC WILL—USE OF SEPARATE SHEETS OF PAPER—FIND-
ING.—The fact that an olographic will, properly dated, written,
and signed by the testator, was written upon two separate
sheets of paper, is immaterial, where the court finds that the
will is one continuous instrument, and is a single document, and
such finding, is not contrary to the evidence.

ID.—USE OF DIFFERENT PENS AND INK.—The use of different pens,
and ink by the testator in writing the two sheets of the will
does not amount to proof that the will was written at different
dates.

ID.—CHANGE OF PHYSICAL CONDITION —TESTIMONY OF EXPERT.—The
testimony of an expert in handwriting that the first sheet of the
will was written by a person who had her muscular movement
in good condition, while the second sheet indicates that the
writer was "completely wrecked—nervous," is not sufficient to
overcome the finding of the court that the will was one con-
tinuous instrument and was a single document.

APPEAL from a judgment denying a petition for the revo-
cation of the probate of a will and denying a new trial of the
contest for such revocation.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Haven & Haven, for Appellant.

The writing done in March, 1898, was an attempt to alter
an existing olographic will, without dating the alteration, and
this renders it invalid.   An alteration must be made with all
the formalities of an original olographic will, of which the date is
essential.   (Civ. Code, sec. 1292; *Estate of Martin*, 58 Cal. 530;
*Estate of Rand*, 61 Cal. 468; 44 Am. Rep. 555; *Estate of Bill-
ings*, 64 Cal. 427; 2 Am. & Eng. Ency. of Law, 2d ed., 264-66;
Schouler on Wills, 2d ed., sec. 429; *Lagrave v. Merle*, 5 La. Ann.
278, 281; 52 Am. Dec. 589; *Succession of Robertson*, 49 La. Ann.
868; 62 Am. St. Rep. 672; *Heffner v. Heffner*, 48 La. Ann. 1088;
5 Dalloz on Jurisprudence, 635, 637; 4 Marcade's Commen-
taries on Code Napoleon, 5th ed., sec. 17.)

CXXVI. CAL.—7

A. Comte, Jr., and Reddy, Campbell & Metson, for Respondents.

An alteration of the olographic will is not to be presumed. All things are presumed to have been rightly done. (Best on Evidence, par. 363; *Davis v. Jenney*, 1 Met. 321.) The statute does not require a signature of an olographic will at any particular part of it. (*In re Stratton*, 112 Cal. 519.) A will may be informally drawn and may consist of two or more papers. (*Mitchell v. Donohue*, 100 Cal. 207, 208; 38 Am. St. Rep. 279; *Estate of Skerrett*, 67 Cal. 585; *Zerega v. Percival*, 46 La. Ann. 590; *Martin v. Hamlin*, 4 Strob. 188; 53 Am. Dec. 673; *Ela v. Edwards*, 16 Gray, 91-99; *Wikoff's Appeal*, 15 Pa. St. 281, 290; 53 Am. Dec. 597; *Baker's Appeal*, 107 Pa. St. 38; 52 Am. Rep. 478; *Fosselman v. Elder*, 98 Pa. St. 159; 1 Jarman on Wills, 3d Am. ed., 124, 125.)

GAROUTTE, J.—This appeal is prosecuted from a judgment refusing to set aside the probate of the will of Deede Margaret Taylor, deceased, and from an order denying a new trial.

The will is olographic in character, written upon two separate sheets of paper, dated at the beginning, and signed at the end. The mere fact that the will is found upon two separate sheets of paper is immaterial. But appellant insists that the second sheet and signature were written some three months after the first sheet was written, and that therefore the will, as a whole, or as to its parts, is void as an olographic will. This contention is largely based upon the claim that the two sheets being written at different times, the first sheet, therefore, is not signed by the deceased, and the second sheet, therefore, is not dated. For present purposes alone appellant's position as to the correct rule of law applicable to such a state of facts may be conceded. Yet upon such assumption as to the law, we conclude the facts of the case fail to support it. Upon this point the court made the following finding: "That the document admitted to probate as the last will and testament of said Deede Margaret Taylor was and is entirely written, dated and signed by the hand of said Deede Margaret Taylor herself, and is the last will and testament of said Deede Mar-

garet Taylor, deceased.  That the said will was written upon two sheets of paper, but that said will is one continuous instrument, and is a single document."

Appellant attacks the foregoing finding as not supported by the evidence, and contends that the first sheet of the will was written in December, 1897, and the second sheet written in the following March.  In view of the fact that the testator knew exactly what she was doing when she attempted to make her will, and did all that was done freely and voluntarily, wrote every word of the document, dated it, and signed it, the court will be slow to set aside a finding of fact to the effect that the will was her will and was "one continuous instrument and a single document."  It appears that deceased wrote her will in December.  In the following March she asked for it from a trunk where it had been kept, and at that time broke the seal of the envelope in which it was enclosed, called for ink and paper, did some writing, tore up some written papers, and returned the will, inclosed in the envelope, to be replaced in her trunk.  These facts appear from the evidence of the nurses attendant at her bedside.  At this time the testator may have changed her will by writing and substituting a new sheet in lieu of the original second sheet.  She may have done this, but it is mere conjecture and speculation.  There is nothing pointing directly to that conclusion.  To be sure, the second sheet, when compared with the first, appears to have been written with a different pen and possibly a different ink, but this is a circumstance of the slightest importance.  It is a matter of common experience that different pens and different inks are used in the writing of a single document.

In addition to the foregoing evidence we have the testimony of an expert upon handwriting, who declares that the two sheets of paper composing the will were not written at the same time. The witness makes no attempt to definitely fix the difference in time occurring between the writing of the respective sheets. He does not even say which was written first.  He does say that the person who wrote the first sheet "has her muscular movement in good condition," while the second sheet indicates that "she is completely wrecked—nervous."  From these two different physical conditions of deceased diagnosed by an ex-

amination of her handwriting, he concludes as an expert upon handwriting that some considerable time intervened between the writing of one sheet and the other. The trial court weighed this expert evidence, and we are not at all disposed to impeach the accuracy of those weights. It does not amount to much. As to the length of time required for a person to pass from a condition of healthy muscular movement to a condition where he would be completely wrecked—nervous, or the reverse—would be a matter more satisfactorily established by the opinion of doctors than of experts upon handwriting. It may well be said that it needs neither doctors nor handwriting experts to tell us that it does not necessarily take a long time to pass from one of these conditions to the other, but that such change of condition may occur within the minute. Conceding the use of a different pen and ink was not the primary cause of the difference in the general style of writing of deceased as exemplified by the respective sheets of the will, but that the cause was attributable to a change in her physical condition, still we are not at all prepared to say but that this physical change took place at the very time she was engaged in the laborious task of writing her own will. At least upon the evidence before us we are well satisfied that the finding of fact made by the trial court to the effect that this will was "one continuous instrument and a single document" should not be set aside.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.