[L. A. No. 4478. Department One.—April 13, 1916.]

In the Matter of the Estate of EDWARD B. BRANICK, Deceased; JAMES BRANICK, Appellant, v. SARAH A. E. LARGE et al., Respondents.

WILL—LETTER TO BROTHER OF WRITER—WANT OF TESTAMENTARY INTENT.—A letter, forming one of a series of about thirty written from time to time to the brother of the writer, informing him of the purchase of certain properties, requesting his assistance in financing the purchase and closing with the expressions "of course these both propertys goes to you and Charley if I should pass in before yous do only I wish Mary would be taken care of in case anything should happen Joe her sone I know fany would drop marys

help she would have to shift for her self, regards to all (signed) Ed.,"
will not be deemed testamentary in character, where the surrounding
circumstances show that the writer understood the nature and require-
ments of a will.

APPEAL from an order of the Superior Court of Los
Angeles County refusing to admit an alleged will to pro-
bate. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

F. W. Walden, for Appellant.

Allen & Weyl, and Slosson & Mitchell, for Respondents.

SHAW, J.—The appeal is from an order refusing to ad-
mit to probate a document claimed to be the last will of the
decedent.

The facts are these: On the 9th of December, 1913, the
decedent formally executed a will in the presence of wit-
nesses, both of whom signed it, and the execution was at-
tended with all the formalities the statute requires. After-
ward, and on September 22, 1914, he wrote a letter to his
brother. His brother's name is James but was referred to
as "Jim." The letter to his brother is as follows:

"Los Angeles, California, Sept. 22, 1914.

"Well Jim everything is straightened out this place is in
Hyde Park out side of Los Angeles I gave $6400 for it is
a drug store and grocery store and flats a house 2 story I
get rent $75 for the house of corse they will move same as
huron st. I may sell a gain there is a man looking at it I
gave him till the first of this month if he want it if not I
will keep it I paide $3400 down and the mortgage three thou-
sand dollars is due in November now Jim if you or Charley
has any money that is not used you can let me have it I will
pay youse the same interest as I have to pay that is if dont sell
it I will let you know if I do then I dont want you to sell any-
thing that is charging interest you nor Charley if you have it
will wright and all wright if youse havent it of course these
both propertys goes to you and Charley if I should pass in be-
fore yous do only I wish that Mary would be taken care of in
case anything should happen Joe her sone I know fany would
drop marys help she would have to shift for her self.    regards
to all                                            ED."

At the end of this letter are several expressions which it is here contended are testamentary in character. This letter was one of about thirty letters written from time to time to his brother. The words in this letter are grouped together without punctuation and the alleged testamentary expressions are the following: "Of course these both propertys goes to you and Charley if I should pass in before yous do only I wish. Mary would be taken care of in case anything should happen Joe her sone I know fany would drop marys help she would have to shift for her self. regards to all (signed) Ed." It appears that two months afterward the decedent undertook to make a holographic will, but made it on a printed form, and not being all in his handwriting it was invalid. In it he stated that he was having no witnesses because he understood that witnesses were not required in California.

The court below found the letter of September 22d was not testamentary in character, and under the circumstances it was fully justified in so holding. It is quite clear that the testator understood the nature and requirements of a will. It was a fair inference from all the evidence that he fully understood the character of the document that he should execute as a will. The letter in question as a whole does not disclose any purpose or intent to dispose of his estate. The remarks claimed to be testamentary were apparently casual statements intended as information merely. Under the decisions in *Estate of Richardson,* 94 Cal. 63, [15 L. R. A. 635, 29 Pac. 484], and *Estate of Meade,* 118 Cal. 428, [62 Am. St. Rep. 244, 50 Pac. 541], we think he had no testamentary intent in writing this letter to his brother.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.