[L. A. No. 6252.   Department One.—October 27, 1919.]

In the Matter of the Estate of FRANK J. HARTLEY, Deceased.

[1] ESTATES OF DECEASED PERSONS—HOLOGRAPHIC WILL—RESIDUARY CLAUSE SIGNED BUT NOT DATED—ADMISSION TO PROBATE AS SINGLE INSTRUMENT—PRESUMPTION.—Where a holographic will, dated and signed by the testator, followed by a residuary clause, likewise holographic, signed but not dated, is admitted to probate as a single instrument, there is a presumption created by the order that both portions of the instrument were executed at the same time and that the one date covers both, and in a subsequently instituted contest to revoke the probate of the residuary clause the burden is upon the contestants to overcome such presumption.

APPEAL from an order of the Superior Court of Los Angeles County revoking probate of a portion of a will. Lewis R. Works, Judge.   Reversed.

The facts are stated in the opinion of the court.

E. E. Rogers and L. V. Silverstein for Appellants.

Clyde C. Shoemaker, George H. Woodruff and Woodruff & Shoemaker for Respondents.

OLNEY, J.—In this case a document entirely written, dated, and signed in the hand of the testator was admitted to probate. The entire document reads as follows:

"Los Angeles, Cal., Aug. 15th, 1917.
"My Last Will.
"Frank J. Hartley—being of sound and disposing mind—as follows—I bequeath,

| | |
|---|---|
| To my daughter Lillian M. Murphey | 500.00 |
| To my daughter Edith F. Haney | $500.00 |
| To my son Francis C. Hartley | $500.00 |
| To my daughter Loretta T. Hartley | $500.00 |
| To my son Sylvester B. Hartley | $500.00 |
| To my son Lawrence F. Hartley | $500.00 |
| To my son Herbert J. Hartley | $500.00 |
| To my wife Ida S. Hartley | $100.00 |

and no more as property settlement has long been made, same is of record. And I herein name my son Francis C. Hartley to act as administrator of my estate, and in case of his death my daughter Edith F. Haney to act as my administratrix.

"(Signed)   FRANK J. HARTLEY.

"Residue to be divided equally between my daughter Lillian, my daughter Edith and my son Francis C. Hartley.

"(Signed)   FRANK J. HARTLEY.

"Funeral expenses to be paid first out of money on hand or life insurance money.          F. J. H."

After the will had been admitted to probate a contest was inaugurated by certain of the heirs against the portion of the instrument following the first signature of the testator and by which the residue of the testator's estate was given to three of his children.

The point made on the contest is that this portion of the will is a codicil and not being separately dated is void. The question is identical with that presented in the case of *La Grave* v. *Merle*, 5 La. Ann. 278, [52 Am. Dec. 589], and is there put in this language: "Where an olographic testament contains several dispositions, of which the first ones are dated and signed, and the second are only signed by the testator,

are the latter null for want of date? They are; provided
that from the manner those clauses are conceived and placed,
they cannot be considered to have been written immediately
after the first, and on the same date that the first was written.
But if, according to the contents or position of the second
clauses, it appears that they could have been written on the
same day with the first, we ought to presume that they were
so in effect, consider them as forming but one and the same
testament, and apply to the whole, which is composed of dif-
ferent clauses, the general principle, that it is sufficient for
the validity of the olographic will, that it be dated in the con-
text, without its having a date at the end.''

[1] It is not necessary in this case to go quite as far as
was done in the Louisiana decision, for it appears here that in
the first instance the instrument was admitted to probate as
the decedent's will with this residuary clause as a part of it,
with the result that upon this contest subsequently instituted
the burden rests upon the contestants to show that the portion
objected to was not a valid testamentary disposition by the
testator. If, as a matter of fact, the residuary clause was
written by the testator at the same time with his writing the
body of the instrument and as a part of one and the same
testamentary act, there can be no reasonable question but that
the instrument as a whole is a single instrument and the date
at the beginning covers both portions of the instrument. The
original order of probate creates a *prima facie* presumption
that this was the fact. There is nothing in the instrument to
indicate the contrary, and thereby overcome the presumption,
and no evidence was offered to overcome it. Nor does the
contest filed contain any allegation to the effect that this por-
tion of the will was executed at a time and as a part of a tes-
tamentary act different from the time and act at and by which
the main body of the instrument was executed. This being
the situation the presumption arising from the original pro-
bate is not overcome, and it must be taken that both portions
of the instrument were executed at the same time and as part
of the same testamentary act so that the one date covers both.

It follows that the order of the probate court revoking the
probate of this portion of the will should be reversed, and it is
so ordered.

Shaw, J., and Lawlor, J., concurred.