[Civ. No. 11193. Second Appellate District, Division Two.—October 1, 1936.]

In the Matter of the Estate of RUDOLPH J. SCHIFFMANN, Jr., Deceased. J. LEROY HEBBART, Appellant, v. RUDOLPH J. SCHIFFMANN, Respondent.

S. S. Hahn, W. O. Graf and Phi O. Clough for Appellant.

Harold Richardson for Respondent.

CRAIL, P. J.—This is an appeal from an order denying the admission of an holographic will to probate on the ground that it was not entirely dated as required by the decisions interpreting section 53 of the Probate Code.

At the top of the will appeared the words: "Tues., Aug. 20". In the body of the will appeared the words: "The 1935 LaSalle which I now drive also belongs to me . . . " It is the contention of the appellant that the year was thus supplied and the law was thus complied with. He states his contention in the following language: "It is apparent that the will could not have been made in 1936, since the testator herein died on or about the first day of September, 1935, at Beverly Hills, California. It is further apparent that the will could not have been made in 1934 because August 20th did not fall on Tuesday in the year 1934." It must be apparent, however, that it does not appear in the handwriting of the testator that the testator died in 1935 in Beverly Hills, and it is apparent also that the circumstance, that August 20th did not fall on Tuesday in the year 1934, is not in the handwriting of the testator.

Appellant's brief is very persuasive if the question were one of first impression and if it were still open for decision. This is another of those unfortunate cases which we referred to in *Estate of Maguire*, 14 Cal. App. (2d) 388 [58 Pac. (2d) 209]. We have set forth our view of the matter rather fully in that case and we should not lengthen this opinion by restating what we said there. It is the duty of this court to follow the law as it is interpreted by the Supreme Court, and it is for the legislature to amend the law if it deems it wise to do so.

In the case of *Estate of Martin*, 58 Cal. 530, the court said: "The paper is not aided by the declaration contained in it, 'of the age of sixty years'. It does not appear in the paper when he was of the age of sixty years. It may have been one day before his decease; it may have been ten years." Recourse may not be had to a date appearing in the body of an holographic will if such date was obviously not intended by the testator to serve as the date of the instrument. Even if an inference might fairly be drawn from the language of the will herein that the date with reference to the LaSalle was intended as a part of the date of the instrument, still it is reasonably susceptible to the inference that it was not so intended, and the trial court adopted the latter inference. "In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment." (*Estate of Brooks*, 214 Cal. 138 [4 Pac. (2d) 148].)

Order affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.