43 Cal.App.2d 551 (1941)
Estate of HANS P. SWENDSEN, Deceased. CLARA E. EARNEST, Appellant,
v.
BEN H. BROWN, as Public Administrator, etc., Respondent.
Civ. No. 12963. 
California Court of Appeals. Second Appellate District, Division Two. 
March 19, 1941.
 Charles A. Thomasset for Appellant.
 J. H. O'Connor, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.
 WOOD, J.
 Hans B. Swendsen died on March 23, 1940, leaving a holographic will in which all of his property, which *552 brings in an annual income of approximately $500, is given to Mrs. K. K. Earnest. Mrs. Earnest filed a petition asking to be appointed executrix of the will, claiming that she was named therein as executrix. The probate court admitted the will to probate but granted the petition of the public administrator of Los Angeles County to be appointed administrator with the will annexed. From the order making this appointment Mrs. Earnest has appealed.
 Mrs. Earnest presented as the will of Mr. Swendsen two pieces of paper. On one of the papers the following appears: "Marts 9-1940 This is my last wish I hereby give to Mrs. K. K. Earnest of 2938 Wellington Road, L. A. Cal, my house and lot at 1019 South Kern Ave, my one acre with improvement, at 3301-3305 Delta Str San Gabriel Cal, also my personal property, and money I may have coming from Superior Oil, Co, The one acree on Delta I owe to her as well as my Car for an old debt, that would amount to around 400000/00 Dollars. Signed H P Swendsen 3305 Delta Str [TEXT STRICKEN]-[L]-. [TEXT STRICKEN]-[A]-. Cal San Gabriel D. A. Mitchell 909 Sierra Bonita St San Gabriel Cal. Witness this 10 of Marts 1940 Witness This 10th Day of March 1940 Walter Fore 3301 South Delta Street San Gabriel, Calif." The writing on this paper is in ink and with the exception of the names and addresses of the witnesses it is in the handwriting of decedent. On the other paper the following appears: "P. S. Mrs. K. K. Earnest is to act as her own Executrix widt out Bonds of any kind This is my wish". The writing on this paper is in pencil and it also is in the handwriting of decedent. Concerning the two papers the court found that the "document" written in pencil is older in appearance than the other and is of a different type of paper, having been torn from a larger sheet; that an intention on the part of decedent that both documents constitute his will is not ascertainable from the documents themselves; that decedent called a witness to his house, "produced both of said documents, stated that they were his will, and affixed his signature to the document written in ink".
 There appears to be no conflict in the evidence. D. A. Mitchell testified that decedent, who was his neighbor, called the witness to decedent's home on March 10, 1940, and stated to the witness that he, the decedent, wanted the witness to act as a witness to decedent's will; that decedent then produced *553 in the presence of the witness the two pieces of paper above referred to and stated to the witness (quoting from the bill of exceptions) "that the documents were his will, and in the presence of the witness the decedent affixed his signature to the document written in ink; that the decedent, after affixing his signature as aforesaid, then gave both documents to the witness who thereupon read both of the said documents, that is to say, the document above set forth written in ink and the document above set forth written in pencil, and at the request of the decedent, and in the presence of the decedent, the witness affixed his signature to the document written in ink, immediately below the signature of the decedent". Walter Fore testified that he also was called by decedent to act as a witness to the will, that he arrived just as Mr. Mitchell was leaving; that decedent presented to the witness "the two documents above set forth, the document written in ink and the document written in pencil, and stated to said Walter Fore that the said documents were the will of decedent and requested said Walter Fore to act as a witness thereto; that at said time the signature of said Hans P. Swendsen had already been affixed, out of the presence of the witness, to said document written in ink as the same appears thereon". Mrs. Earnest testified that while decedent was in the hospital he gave to her on March 17, 1940, an envelope on which her name was written in decedent's handwriting; that decedent then stated to the witness that the contents of the envelope were for her and that he was giving her everything. The envelope contained the two pieces of paper which Mrs. Earnest now claims constitute the will of decedent.
 Respondent contends that the paper which bears the signature of decedent alone constitutes the will and that since the other paper is not incorporated by reference it must be considered as an extrinsic document and not as part of the will.
 Appellant asserts that the two papers together constitute a single instrument and cites Estate of Olssen, 42 Cal.App. 656 [184 P. 22], in support of her contention that the circumstances under which the instrument was drawn may be shown to aid in the determination of the issue. In that case the testator while in a hospital made a holographic will which he dated and signed. Below his signature he wrote another sentence and again attached his signature but did not *554 write in the date. The reviewing court in construing the document as a single instrument held that the question "must be determined by the circumstances under which the instrument was drawn, as revealed by the testimony in the case ...".
 In Estate of Merryfield, 167 Cal. 729 [141 P. 259], the testatrix wrote upon three separate sheets of paper but the last one only contained the elements necessary to constitute a holographic will. The three sheets of paper, which had been arranged and folded together in proper sequence, were found on the day before the death of the testatrix in a locked drawer with other papers. The court held that the three papers constituted one instrument, which was admitted as the last will of the decedent. In affirming the order of the probate court the reviewing court held that the fact that the will was made upon more than one sheet of paper was immaterial and that it was not necessary that the several detached pieces of paper be fastened together by mechanical or other device.
 In Estate of Finkler, 3 Cal.2d 584 [46 PaCal.2d 149], the testator executed a holographic will and on a later date made certain interlineations therein. In holding that the interlineations should be given effect as part of the will the court at page 600 quoted from Page on Wills, volume 1, second edition, section 500, page 822: "If witnesses are not necessary to the validity of a will, as under the ecclesiastical law, interlineations made by a testator after he has executed his will, are a part thereof; since, by his act of making such interlineations, intending them to be a part of his testament, testator has reexecuted his statement in such form as would have been sufficient for the original execution thereof".
 [1] To uphold the validity of a holographic will it is not necessary that the signature be placed at its end. (Estate of Morgan, 200 Cal. 400 [253 P. 702].)
 [2-4] From the cases above referred to it is apparent that on the present appeal these rules are applicable: (a) The circumstances surrounding the execution of the will may be taken into consideration (Estate of Olssen, supra); (b) the will may be made on several pieces of paper which need not be fastened together (Estate of Merryfield, supra); (c) an addition to the will may be made on a date subsequent to the date on which it was signed (Estate of Finkler, supra); *555 (d) the signature does not necessarily have to be at the end of the will (Estate of Morgan, supra). [5] The application of these rules to the facts of the present case leads unerringly to the conclusion that the two pieces of paper together constitute one instrument, the last will of decedent. The writings on the two papers unquestionably are complementary to each other and together they constitute a rounded-out will. When decedent wrote upon the paper bearing his signature he made a will giving all of his property to Mrs. Earnest, who was not a blood relation, and it was entirely reasonable for him to name her executrix without bond, a course usually followed by those making wills under similar circumstances. On the other hand it would have been very unreasonable for him to leave the administration of his small estate to a stranger, a public officer who would place in the public treasury the administration fees which ordinarily go to the sole beneficiary.
 In its finding that the second piece of paper was not a part of the will the probate court appears to have been influenced by the fact that the two pieces of paper were of different types and that the writing on one of the pieces was in ink while the other was in pencil. As against these physical facts we have the uncontradicted and clear-cut testimony of two witnesses (found by the court to be true) that decedent at the time he requested them to act as witnesses stated that both pieces of paper constituted his will and the additional testimony of Mrs. Earnest that both pieces of paper were in the envelope which decedent gave to her with the statement that the contents of the envelope were for her and that he was giving her everything. If the two pieces of paper had been of the same kind and both had been written in ink it could not be successfully argued they would not together constitute a single instrument and the court unquestionably would be required to receive them together as the will of decedent. The only evidence before the court establishes that decedent considered the two pieces of paper to be his will and desired that they be acted upon as such. The circumstances that the pieces of paper are of different kinds and that one of the papers bears writing in pencil are not of sufficient importance to support a ruling that the penciled paper is of no effect.
 The order is reversed, the appellant to recover costs on appeal from the respondent.
 Moore, P. J., and McComb, J., concurred.