3 Cal.App.3d 312 (1970)
83 Cal. Rptr. 499
Estate of ROBERT E. HICKS, Deceased.
VERIAN E. BROWN et al., Plaintiffs and Respondents,
v.
ANN WAGNER, Defendant and Appellant.
Docket No. 1170.
Court of Appeals of California, Fifth District.
January 7, 1970.
*313 COUNSEL
Daley, Brewer, Patridge & Garrett, R.B. Daley and Garry J.D. Hubert for Defendant and Appellant.
James A. Clayton for Plaintiffs and Respondents.
*314 OPINION
COAKLEY, J.
Basically this appeal is from that portion of a judgment denying admission to probate of three pages written in longhand by the decedent. In the interest of brevity and clarity these pages will be referred to as "the codicil."
The respondents filed a contest in which they objected to the admission of the codicil to probate. They took the position that the will of July 31, 1961, alone, should be admitted. Ann Wagner, appellant herein and a respondent in the will contest, answered, alleging the validity of the codicil and praying its admission to probate.
The contest filed by the respondents objected to admission of the codicil on four separate grounds. However, the thrust of respondents' evidence was that the codicil lacked testamentary intent. Appellant, Ann Wagner, offered no evidence, relying on the codicil and the will, both of which were introduced in evidence by the contestants.
The court ruled that (1) the codicil was entirely written, dated and signed by the decedent, and (2) the sole question was whether it was executed with testamentary intent. The findings, conclusions and judgment were in accordance with the court's decision, and were limited to finding that the will was the last will of the decedent and entitled to admission to probate, and that the codicil lacked testamentary intent and was, therefore, not admissible. The respondents herein, contestants below, made no request for findings on any of the issues raised in their contest other than the issue of testamentary intent. They did not file a cross-appeal. (1a) Accordingly, the only issue is that raised by the appellant, viz, whether the codicil was executed with testamentary intent. We hold that it was.
We first observe that the provisions of the codicil are unmistakably integrated with the will. Although the codicil does not use the term "will" or "codicil," the integration is clearly evident by the detailed references in the codicil to page and line numbers of the will, followed by such words as "out," "remains," and "add." When the two documents are laid side by side, and the directions found in the codicil are applied, the respective provisions of the two documents fit intelligibly and smoothly. The trial court inferentially reached the same conclusion when it ruled that testamentary intent was the sole issue.
The doctrine of integration of two or more writings, executed at different times and in different forms, as constituting the will of the decedent is well established. (See Estate of Wunderle, 30 Cal.2d 274 [181 P.2d 874]; Estate of McCarty, 211 Cal. App.2d 23, 27 [27 Cal. Rptr. 94]; Estate of Johnston, 64 Cal. App. 197 [221 P. 382].)
*315 The fact, if it be a fact, that some ambiguity may appear when the two documents are read together is not grounds for rejecting the codicil. Ambiguities in wills and codicils are not uncommon, as attested by the very large number of cases involving disputed interpretations which appear in the decisions of appellate courts.[1] This is recognized in the probate code which makes provision for explaining and reconciling seemingly ambiguous parts of a will. (See Prob. Code, §§ 101, 103 and 105.)
Directing our attention to the issue in this case, i.e., was the codicil executed with testamentary intent, we note and rely on the following:
(1) The specific deletions and additions made with references to particular pages and lines of the will.
(2) These provisions of the codicil:
(A) "It is my wish to leave to.
 ANN WAGNER,
 BOX 117
 PORTOLA.
an unmarried woman. If she is still living and not married at the time of my Death The Following...."
This is followed by a series of specific bequests to Ann Wagner.
(B) "Any Cash or Income Balance left of my estate shall be divided Equally. Between my Nephews & Niece...."
The names and the cities of residence of two nephews and a niece are then listed.
(3) The formal manner employed in executing the codicil: "Dated and signed by me on this 18th day of January 1967. Robert E. Hicks."
We construe the quoted language of the codicil, together with its formal execution, as very strong evidence of the decedent's intention to dispose of his property in accordance with the provisions of the codicil in the event that death intervened before a formal will was prepared and executed.
(2) "`No particular words are necessary to show a testamentary intent. It must appear only that the maker intended by it to dispose of property after his death.' [Citations.]
".... .... .... .... ...
(3) "In order for a document to be the last will and testament of a *316 deceased person it must, in addition to meeting all other legal requirements, clearly show that the decedent intended it to take effect only after his death, and it must satisfactorily appear therefrom that the decedent intended by the very paper itself to make a disposition of his property in favor of the party claiming thereunder. [Citations.]" (Estate of Button, 209 Cal. 325, 331 [287 P. 964]; see Estate of Geffene, 1 Cal. App.3d 506, 512 [81 Cal. Rptr. 833].)
(1b) The location of the codicil in relation to the will when the two were produced following decedent's death is further, though not conclusive, evidence that the codicil was made with testamentary intent. The codicil and will were found in a metal box which appellant, pursuant to decedent's instructions, delivered to Martin C. Baer, the decedent's attorney and executor. Appellant did not know or learn of the contents of the box until Mr. Baer opened it in her presence and removed the will and codicil. The codicil was inside an envelope on which had been machine printed the word "WILL," and the name and office address of Mr. Baer. The envelope had been given to the decedent by Mr. Baer, and originally contained his 1953 will. It is common knowledge that many people preserve their valuable papers in such metal boxes, whereas mere notes of things to do in the future rarely receive such careful treatment.
Called as a witness by the contestants, Mr. Baer testified as to the decedent's habit of making detailed notes in preparation for business conferences. In that connection, Mr. Baer testified that in 1953, and again in 1961, he prepared formal wills from longhand notes written by the decedent. These notes were admitted in evidence.
The decision of the trial judge gives reasons for and against admitting the codicil to probate. He concludes, on the basis of Mr. Baer's testimony as to the decedent's note-making habit, that the codicil was intended to serve only as a guide for Mr. Baer in preparing a new will and, therefore, lacked testamentary intent. We disagree.
Respondents' brief emphasizes that this court must affirm the judgment of the trial court. They rely on cases which state the general rule to be that where there is a conflict in the evidence bearing on the decedent's intent, or where conflicting but reasonable inferences may be drawn from the evidence, the appellate court may not review the findings of the trial court. That is an incomplete statement of the rule. (4) A more complete statement is found in Estate of Tarrant, 38 Cal.2d 42, 51 [237 P.2d 505, 28 A.L.R.2d 419], wherein the court held: "While it is true that `the findings of the trial court will not be disturbed on appeal if the record discloses substantial evidence to support them,' ... such rule has no pertinency where the evidence without conflict clearly establishes the impropriety of *317 the inferences drawn by the court from the uncontroverted facts. So here it appears that the probate court erred as a matter of law in its adjudication of the determinative issue  the nature of the testamentary gifts  and in such circumstances its findings contrary to the undisputed facts have no binding force." (See Estate of Russell, supra, 69 Cal.2d 200; Parsons v. Bristol Dev. Co., 62 Cal.2d 861 [44 Cal. Rptr. 767, 402 P.2d 839]; Estate of Platt, 21 Cal.2d 343 [131 P.2d 825]; Estate of Wolfe, 260 Cal. App.2d 587 [67 Cal. Rptr. 297]; Estate of Darms, 247 Cal. App.2d 254 [55 Cal. Rptr. 463]; Estate of Beebee, 118 Cal. App.2d 851 [258 P.2d 110].)
In Estate of Geffene, supra, 1 Cal. App.3d 506, in which, as here, the sole issue was whether an holographic writing was executed with testamentary intent, the court held at page 512: "While here extrinsic evidence was admitted, it was uncontradicted (even though subject to conflicting inferences [citation]), thus this court has the responsibility of determining whether the March 1, 1967, instrument was executed with testamentary intent." (Citing Parsons v. Bristol Dev. Co., supra, Estate of Wolfe, supra, and Estate of Kane, 236 Cal. App.2d 51, 53 [45 Cal. Rptr. 742].)
In Beebee, supra, the sole issue was whether an holographic writing was made with testamentary intent or whether it was intended by the decedent as instructions to her executor. There, as here, testimony was admitted as to the decedent's habit of making notes of matters of importance before having the matters put in final form. Further, two weeks before her death, the decedent told a close friend that she would be afraid to make a will without an attorney's advice. (1c) In our case, Mr. Baer testified that a few weeks before his death the decedent told him that he wanted to make a new will. Mr. Baer told him to make an appointment when he knew what he wanted in the new will. The trial court in Beebee admitted the disputed holographic codicil to probate. The judgment was reversed, however, upon the ground that examination of the codicil on its face disclosed that it was not intended to constitute a testamentary disposition. The court noted on page 854 that: "There is no conflict in the testimony, the claimed conflict being in the inferences to be drawn therefrom and in the construction of the letter."
There is no conflict in the evidence in this case. Based largely upon Mr. Baer's testimony as to the habits of the decedent, particularly his habit of making notes on matters to be discussed with Mr. Baer, the trial court drew the inference, and thereupon made its finding, that the codicil was not executed with testamentary intent. We respectfully disagree, and hold that:
(1) The trial court correctly admitted to probate the formal will dated July 31, 1961.
*318 (2) The trial court erroneously concluded that the codicil, which meets all the requirements of an holographic codicil (Prob. Code, § 53), was not intended to serve as a codicil to the decedent's formal will dated July 31, 1961.
(3) Decedent intended the writing to serve as an interim codicil, to take effect upon his death if, between the date the codicil was executed and the date of his death, his attorney had not prepared and he had not executed a new will to take the place of the will dated July 31, 1961. (5) Such interim codicils are given effect where present testamentary intent is evident. (See Estate of Crick, 230 Cal. App.2d 513 [41 Cal. Rptr. 120]; Estate of Kuttler, 160 Cal. App.2d 332 [325 P.2d 624].)
That portion of the judgment admitting the 1961 will to probate is affirmed; that portion denying admission of the codicil to probate is reversed, and the court below is directed to admit the codicil to probate. The parties to this appeal shall defray their respective costs on appeal.
Stone, P.J., and Gargano, J., concurred.
NOTES
[1] See the comprehensive review of this subject in Estate of Russell, 69 Cal.2d 200 [70 Cal. Rptr. 561, 444 P.2d 353].